UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 13-02346 JGB (CBKx) | Date | January 2, 2014 |
| Title | *Mike Ojeda, et al. v. Citimortgage, Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present                              None Present

**Proceedings:**  Order to Show Cause re: Subject Matter Jurisdiction

On November 18, 2013, Plaintiffs Mike Ojeda and Emma Ojeda filed this action in state court against Defendants Citimortgage, Inc. ("Citi"), Sage Point Lender Services, LLC ("Sage"), and fictitious entities. (Not. of Removal, Doc. No. 1, Exh. 1 ("Compl.").) The Complaint states that Plaintiffs are residents of California, Citi is a New York corporation with its corporate offices in North Dakota, and Sage is a California limited liability company. (Compl. ¶¶ 3-5.) On December 10, Sage filed a declaration of non-monetary status under Cal. Civ. Code § 29241. (Not. of Removal, Exh. B.) Citi removed the action to this Court on December 20, 2013 asserting diversity of citizenship as the basis for removal. (Not. of Removal.)

Federal courts have a duty to examine their jurisdiction sua sponte before proceeding to the merits of a case. See S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990). A suit filed in state court may be removed to federal court by the defendant if the federal court has original subject matter jurisdiction over the suit. 28 U.S.C. § 1441(a); Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 confers federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under section 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Where, as here, an action is removed based on diversity, complete diversity must exist at the time of removal. Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 773 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff ." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008). In assessing the citizenship of the parties, "[a] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980). Thus, "[d]efendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002). Nonetheless, because the removal statute is strictly construed against removal jurisdiction, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Further, a district court must remand the case to state court if it appears at any time before final judgment that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Pursuant to the allegations in the Complaint, the Court finds diversity of citizenship between Plaintiff and Citi. However, the jurisdictional allegations pertaining to Sage lead to the conclusion that it is a citizen of California, just like Plaintiffs. Accordingly, Sage's presence in this action defeats diversity jurisdiction.

Citi may argue that Sage is a nominal party ostensibly because it previously filed a declaration of non-monetary status prior to removal. California Civil Code section 2924l permits a trustee to declare "non-monetary status" if it "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ.Code § 2924l(a). This section further provides that:

> In the event that no objection is served within the 15–day objection period, the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is the subject of the action or proceeding.

Id. § 2924l(d).

Courts disagree whether a trustee's declaration of non-monetary status under California Civil Code section 2924l, standing alone, is sufficient to transmute a party into a nominal one for purposes of diversity jurisdiction. See Hershcu v. Wells Fargo Bank, N.A., No. 12–CV–00096 BEN (BLM), 2012 WL 439698, at *2 (S.D. Cal. Feb.10, 2012) ("The citizenship of Cal–Western may not be ignored for diversity purposes because it has filed a declaration of non-monetary Status"). But see Cabriales v. Aurora Loan Servs., No. C 10–161 MEJ, 2010 WL 761081, at *2 (N.D. Cal. Mar.2, 2010) (filing of declaration by trustee "transformed it into a nominal party whose citizenship is disregarded for purposes of assessing diversity jurisdiction"). This Court need not resolve this conflict, however. Even if section 2924l were sufficient to transmute a

defendant into a nominal party for purposes of ascertaining federal subject matter jurisdiction, Sage's non-monetary status was never perfected in the first instance.

"A party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection." Sun v. Bank of Am. Corp., No. 10–0004, 2010 WL 454720, at *2 (C.D. Cal. Feb.8, 2010).  Here, Sage filed its declaration of non-monetary status on December 10, 2013, and Wells Fargo Defendants filed their Notice of Removal ten days later on December 20, 2013.  Because the removal occurred less than fifteen days after Sage filed its declaration of non-monetary status, Sage had not yet been transmuted into a nominal party *at the time of removal.* Boggs v. Wells Fargo Bank NA, C 11-2346 SBA, 2012 WL 2357428 (N.D. Cal. June 14, 2012); Hernandez v. First Horizon Loan Corp., No. C 11–0200 SBA, 2011 WL 2531959, at *2 (N.D. Cal. Jun.24, 2011).  Therefore, the Court cannot disregard Sage's citizenship for purposes determining whether Plaintiffs and Defendants are completely diverse.  See Wise v. Suntrust Mortg., Inc., No. 11–1360 LHK, 2011 WL 1466153, at *4 (N.D. Cal. Apr.18, 2011) (granting motion to remand where defendants removed less than fifteen days after the trustee defendant filed a declaration for non-monetary status); accord Hernandez, 2011 WL 2531959, at *2.

Accordingly, the Court finds that neither the complaint nor notice of removal establish that removal on the basis of diversity is proper.  Citi is ordered to show cause in writing no later than **January 13, 2014** why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**